Manly, J.
 

 It is believed to be within the power of a plaintiff, who has judgment, to sue out a writ of
 
 fieri facias,
 
 and before return dajr, nothing being done, to return it into the office and sue out another, but it is not within his power to take two writs at the same time, without special leave from the court. It was, therefore, irregular and without any warrant of law, that the two writs of
 
 fieri facias
 
 were sued out in this case. All that is decided, as we conceive, in the case of
 
 McNair
 
 v.
 
 Ragland,
 
 2 Dev. 42, is in conformity with the above.
 

 It was competent, therefore, for the Court, upon its own motion, to have quashed, at least one of the writs. It was especially proper for it to do so, after one was satisfied. The judgment thereby became extinct, and the
 
 fieri facias
 
 was consequently deprived of all legal vitality.
 

 It might, occasionally, conduce to the ends of justice to be allowed to take out more than one execution at a time; and, upon proper suggestions as to its expediency, and satisfactory assurances that it would not be urged for the purposes of oppression or fraud, the court would allow it. The writs in such case would be put into action upon the responsibility of the party suing them out, but this responsibility would not dispense the court from the duty of seeing that the objects were apparently legitimate and from guarding, as far as possible, against a misuse of the process. It is a power, in other words, which the court ought to put into the hands of plaintiff’s sparingly and with caution.
 

 Per Curiam,
 

 Judgment affirmed.